Natalie A. Remien
ROBERTS McGIVNEY ZAGOTTA
55 W. Monroe St., Suite 1700
Chicago, Illinois 60603
(312) 251.2292

Attorneys for Plaintiff COASTAL RESEARCH GROUP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COASTAL RESEARCH GROUP and its wholly-owned subsidiary, THE STUDENT DOCTOR NETWORK a California corporation, | ) ) ) ) ) |
| | CASE NO. |
| | COMPLAINT |
| Plaintiffs, | ) ) ) |
| v. | ) Jury Demand ) |
| STUDENT MENTOR NETWORK, LLC A Maryland Limited Liability Company, | ) ) ) |
| And | ) ) |
| John Schultz, an individual. | ) ) |
| Defendants. | ) ) |

## VERIFIED COMPLAINT

Plaintiff Coastal Research Group and its wholly-owned subsidiary The Student Doctor Network ("Plaintiff" or "Student Doctor Network") for its Complaint against defendants STUDENT MENTOR NETWORK, LLC and John Schultz ("Defendants") seeking damages and other relief for trademark infringement and related claims alleges as follows:

## PARTIES

1.     Plaintiff Coastal Research Group is a California corporation, having its principal place of business at P.O. Box 2355, Granite Bay, California, 95746.   The Student Doctor Network is a wholly-owned subsidiary of Coastal Research Group.

2.     On information and belief, Defendant, The Student Mentor Network LLC, is a Maryland Limited Liability Company, having its principal place of business in at 735 S. Montford, Baltimore, MD 21224.

3.     On information and belief, Defendant, John Schultz, owner of Student Mentor Network LLC, is an individual that resides in or near the Baltimore, Maryland area.

## JURISDICTION AND VENUE

4     This Court has jurisdiction over Plaintiff's trademark infringement claim under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1114.

5.     This Court has personal jurisdiction over Defendants because they have transacted and are transacting business in this District, and have offered for sale, distributed, advertised and/or sold products or services that infringe the trademark in this judicial District.

6.      Venue properly lies in this Court under 28 U.S.C. §§ 1391(b) and (c) because Defendant has transacted business and delivered for-profit services in Illinois and other states through its website.

## BACKGROUND

### DEFENDANTS INFRINGE THE STUDENT DOCTOR NETWORK'S TRADEMARKS

7.      Since at least as early as November 27, 1999, The Student Doctor Network has been providing online forums where pre-health students can interact directly with physicians and other health care practitioners and obtain various services.

8.      Plaintiff owns strong common law rights as well as Federal, incontestable trademark registrations for THE STUDENT DOCTOR NETWORK including but not limited to:

a)     THE STUDENT DOCTOR NETWORK (Reg. No. 3311756), registered October 16, 2007. (Attached as "Exhibit A").

b)     SDN (Reg. No. 3232538), registered April 24, 2007.  (Attached as "Exhibit B").

c)     THE STUDENT DOCTOR NETWORK (Reg. No. 4316223), registered April 9, 2013. (Attached as "Exhibit C").

d)     SDN THE STUDENT DOCTOR NETWORK (and design) (Reg. No. 4308361), registered March 26, 2013. (Attached as "Exhibit D").

e)     SDN THE STUDENT DOCTOR NETWORK (and design) (Reg. No. 4311554), registered April 2, 2013. (Attached as "Exhibit E").

f)     SDN (Reg. No. 4312483), registered April 2, 2013.  (Attached as "Exhibit F").

(collectively, "The Student Doctor Network's Marks").

9.      The Student Doctor Network trademark is distinctive and identifies The Student Doctor Network as the source of its services.

10.     The Student Doctor Network provides online forums where medical and other pre-health students can communicate and obtain advice and mentoring.

11.     The Student Doctor Network provides a program whereby students can directly and privately with communicate with physicians and other licensed healthcare practitioners to get advice and mentoring on issues such as admissions, admissions testing preparations, scoring, obtain personal statement and essay reviews, career advice and professional and personal development.

12.     The Student Doctor Network has been providing students with its resources and support services since its inception in 1999.

13.     Over the years, The Student Doctor Network has become a household name for students.

14.     Upon information and belief, on or about May 30, 2014, Defendants adopted the name Student Mentor Network mark, willfully in order to trade off on Plaintiff's reputation and goodwill.

15.     Defendants used, advertised, distributed, offered for sale, and/or sold its services on its website www.studentmentornetwork.com using the Student Mentor Network, a mark that is virtually identical in sight and sound to The Student Doctor Network.

16.     Upon information and belief, Defendant's services include: Physician-Student communication, MCAT Tutoring, Personal Statement Review, Secondary Essay Review, AMCAS Application review, Skype Advising sessions, and Mock Interviews.

17.     While Student Mentor Network's website claims to offer services for pre-law and pre-business students, in addition to pre-med, upon information and belief, they only offer services for pre-med students.

18. Defendants' website lists "mentors" for only pre-med services and none for pre-law or pre-business.

19. Defendants' "mentor" sign up page lists only pre-med advising services as the only category in which a potential "mentor" can claim expertise.

20. Defendants' website "resources" section contains only medical school admissions resources.

21. Plaintiff has offered extremely similar services under The Student Doctor Network Marks for many years.

22. The pre-health student community and the practicing healthcare communities have come to know Plaintiff as the source of high quality and reliable forum services, including mentoring services.

23. Defendants' use, advertising, distributing, offering for sale and/or selling its services on its website using the Student Mentor Network mark has caused a likelihood of confusion among the relevant consumers, and thus Defendant's acts infringe the SDN Marks.


## COUNT I

### Infringement of The Student Doctor Network Marks Under 15 U.S.C. §1114

24. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 23 of its Complaint.

25. The Student Doctor Network is the owner of Federal trademark registrations attached hereto as Exhibits A – F.

26. Upon information and belief, Defendants willfully, knowingly and intentionally violated Plaintiff's rights under 15 USC § 1114(1) by its use of the Student Mentor Network Mark in connection with the advertisement, offering for sale, and/or sale of its services.

27.     Defendants deceptively and willfully used a confusingly similar mark to Plaintiff's Mark, which is likely to cause confusion, to cause mistake, or to deceive as to the source of Defendants' services.

28.     Defendants' acts were calculated to deceive, or were likely to deceive, the public who recognizes and associates The Student Doctor Network Marks with Plaintiff.  Moreover, this conduct was likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendants' services.

29.     By reason of Defendants' conduct as alleged above, Plaintiff has suffered damage to its operation, ability to garner members through its website, ability to garner advertising and sponsors, reputation and goodwill, and the loss of sales and profits.

30.     The Student Doctor Network has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to The Student Doctor Network.  As a result of Defendants' wrongful conduct, The Student Doctor Network is entitled to injunctive relief, Defendants' profits, damages, and attorneys' fees and costs.

## COUNT II

### Federal Unfair Competition Under 15 U.S.C. § 1125(a)

31.     The Student Doctor Network re-alleges and incorporates by reference the allegations in Paragraphs 1 through 30 of its Complaint.

32.     Defendants adopted a trademark for its business that is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association between Defendants' services and Plaintiff's services as to the origin, sponsorship, or approval of the services.

33.     Defendants have violated, and upon information and belief, intend to continue to willfully, knowingly and intentionally violate 15 U.S.C. § 1125(a) by their unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics or and/or qualities of their goods, services or commercial activities.

34.     Defendants' conduct has caused The Student Doctor Network to suffer irreparable harm and, unless enjoined by the Court, will cause The Student Doctor Network to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that The Student Doctor Network would have made but for Defendants' acts.  Defendants have been, and will continue to be, unjustly enriched by their unlawful acts.

35.     The Student Doctor Network has no adequate remedy at law.  Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to The Student Doctor Network.  As a result of Defendants' wrongful conduct, The Student Doctor Network is entitled to injunctive relief, Defendants' profits, damages, and attorneys' fees and costs.

## COUNT III

### Illinois Deceptive Trade Practices Act Under 815 ILCS § 510 et al.

36.     The Student Doctor Network re-alleges and incorporates by reference the allegations in Paragraphs 1 through 35 of its Complaint.

37.     The foregoing acts of Defendants constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 *et seq.*

38.     Defendants' conduct has caused The Student Doctor Network to suffer and, unless enjoined by the Court, will cause The Student Doctor Network to continue to suffer damage to its operation, reputation, and goodwill.

39.     On information and belief, and a reasonable opportunity for discovery will show, that Defendants willfully engaged in one or more deceptive trade practices.

40.     The Student Doctor Network has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to The Student Doctor Network. As a result of Defendants' wrongful conduct, The Student Doctor Network is entitled to injunctive relief, Defendants' profits, damages and attorneys' fees and costs.

## COUNT IV

### Common Law Unfair Competition

41.     The Student Doctor Network re-alleges and incorporates by reference the allegations in Paragraphs 1 through 40 of its Complaint.

42.     Defendants' acts and uses constitute unfair competition under common law.

43.     Defendants' acts have caused, and is causing, irreparable harm to The Student Doctor Network. Unless this Court enjoins Defendant from continuing its unauthorized acts, The Student Doctor Network will continue to suffer irreparable harm. As a result of Defendant's wrongful conduct, The Student Doctor Network is entitled to injunctive relief, Defendant's profits, damages, and attorneys' fees and costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter a judgment in The Student Doctor Network's favor and against Defendants and provide The Student Doctor Network the following relief:

A.    Order, adjudge, and decree that Defendants have infringed The Student Doctor Network's Marks under 15 U.S.C. § 1114(1);

B.    Order, adjudge, and decree that Defendant willfully and knowingly infringed The Student Doctor Network's Marks;

D.    Enjoin Defendant Student Mentor Network, LLC and its respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with it permanently from any use of the mark THE STUDENT DOCTOR NETWORK, STUDENT MENTOR NETWORK, or any colorable imitation, with respect to its services, any online or retail sale services related to the healthcare industry, or other confusingly similar services;

E.    Enjoin Defendant John Schultz permanently from any use of the mark THE STUDENT DOCTOR NETWORK, STUDENT MENTOR NETWORK, or any colorable imitation, with respect to its services, any online or retail sale services related to the healthcare industry, or other confusingly similar services;

F.    Award The Student Doctor Network damages for trademark infringement, including prejudgment interest and costs against Defendants under 15 U.S.C. § 1117;

F.    Award The Student Doctor Network treble damages to compensate The Student Doctor Network under 15 U.S.C. § 1117;

G.    Award The Student Doctor Network its reasonable attorneys' fees and costs under 15 U.S.C. § 1117; and

H.    Award such other and further relief as the Court may deem just.

Dated:  January ___, 2015                Respectfully submitted,

                                         COASTAL RESEARCH GROUP d/b/a THE
                                         STUDENT DOCTOR NETWORK


                                         ____/s/ Natalie A. Remien_____
                                              Natalie A. Remien

                                         Natalie A. Remien
                                         ROBERTS McGIVNEY ZAGOTTA
                                         55 W. Monroe St., Suite 1700
                                         Chicago, Illinois  60603
                                         (312) 3251.2292
                                         nremien@rmczlaw.com

## VERIFICATION

I, Ms. Laura Turner, declare as follows:

I am authorized by Coastal Research Group and its wholly-owned subsidiary, The Student Doctor Network, the Plaintiff in this action. I have read the foregoing Complaint and know the contents thereof and the same are true based upon my personal knowledge except as to such matters therein stated to be on information and belief, and as to those matters I believe to be true. Pursuant to the provisions of 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct and further that these statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Executed this 14th day of January, 2015.

**COASTAL RESEARCH GROUP and its wholly owned subsidiary, The Student Doctor Network**

Ms. Laura Turner, Executive Director